UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN S. PRADD,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN WILLIAMS, et al.,<br><br>    Defendants. | 2:13-cv-00611-JCM-NJK<br><br>**REPORT & RECOMMENDATION** |

Before the Court is Plaintiff's Motion for Joinder of an Additional Independent Claim. Docket No. 10. The Court has considered Plaintiff's Motion, Docket No. 10, and Defendant Brian William's Opposition, Docket No. 14. The Court finds this motion appropriately resolved without oral argument pursuant to Local Rule 78-2.

**BACKGROUND**

On April 9, 2013, Plaintiff filed this civil rights action against Brian Williams, K. Stevens, and T. Miller alleging that he was assaulted on April 16, 2011, by correctional officer K. Stevens. Docket No. 5, at 3. The Court screened Plaintiff's Complaint and dismissed Plaintiff's claims against T. Miller. Docket No. 4, at 5. However, the Court recognized Plaintiff's Eighth Amendment excessive force claims against Defendants K. Stevens and Brian Williams. *Id*.

On September 3, 2013, the Office of the Attorney General accepted service on behalf of Defendant Brian Williams, currently the warden at SDCC. Docket No. 11. Defendant K. Stevens is no longer employed by the NDOC, and his last known address was filed under seal pursuant to

1  the Court's order. Docket No. 13.

2  On August 30, 2013, Plaintiff filed the present motion, seeking to join claims of Equal
3  Protection violations against Brian Williams and new parties Felicia Jackson, Jo Gentry, G.
4  Garcia, and John Doe, surrounding job applications in December 2012 and April 2013. *Id*. at 1-2.
5  Defendant filed an opposition to Plaintiff's motion asserting that Plaintiff is improperly
6  attempting to join unrelated claims and add new parties, and the motion must be denied. Docket
7  No. 14.

## DISCUSSION

9  Under Fed.R.Civ.P. 20(a)(2), defendants may be joined in one action if (A) any right to
10 relief is asserted against them jointly, severally, or in the alternative with respect to or arising out
11 of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question
12 of law or fact common to all defendants will arise in the action. In order for joinder to be proper
13 under Rule 20(a) both requirements of the rule, the same transaction or occurrence and common
14 issues of law or fact, must be satisfied. *League to Save Lake Tahoe v. Tahoe Regional Planning*
15 *Agency,* 558 F.2d 914, 917 (9th Cir. 1977); *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th
16 Cir.1997).

17 Here, Plaintiff's Complaint concerns Eighth Amendment excessive force claims arising
18 from an alleged assault on April 16, 2011. Docket No. 5, at 3. The claims Plaintiff seeks to join
19 to the Complaint concern alleged Equal Protection violations relating to declined job applications
20 submitted in December 2012 and April 2013. Docket No. 10, at 1-2. These are two distinct
21 events which are not related by fact or law.

22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

- 2 -

**RECOMMENDATION**

Based on the foregoing, and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Motion for Joinder of an Additional Independent Claim ( Docket No. 10) be DENIED.

DATED this __20th__ day of September, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 [former LR 510-2] any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).