UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN S. PRADD,<br>    #45123 | )<br>)<br>) |
| Plaintiff, | )    2:13-cv-00611-JCM-NJK |
| vs. | )<br>)    **ORDER** |
| BRIAN WILLIAMS, *et al.*, | )<br>) |
| Defendants. | ) |

Presently before the court are defendant Brian Williams' motion for summary judgment, (doc. # 37), plaintiff Steven Pradd's motion for summary judgment (doc. # 35), and Williams' motion to dismiss or, alternatively, for summary judgment (docs. ## 22, 23).[1]

**I.  Background**

At all relevant times plaintiff was an inmate in the custody of the Nevada Department of Corrections ("NDOC") and housed at the Southern Desert Correction Center ("SDCC"). Plaintiff alleges that his constitutional rights have been violated by prison staff or officials by the use of excessive

---

[1] These motions were filed as one document. Pursuant to special order 109, the clerk split the requests for relief into two separate motions. (*See* docket entry # 26).

physical force that occurred on or about April 16, 2011. On April 9, 2013, the clerk filed plaintiff's complaint pursuant to 42 U.S.C. § 1983 against warden Williams and correctional officers Stevens and Miller in their personal and official capacities.

On May 14, 2014, the court issued a screening order dismissing defendant Miller and permitting plaintiff's excessive force claim to proceed against Williams and Stevens. (Doc. # 4).

On September 3, 2013, the attorney general filed a notice of acceptance of service on behalf of Williams. (Doc. # 11). Service was not accepted on behalf of Stevens because he is no longer an employee of the NDOC. (*Id.*). A notice of last known address was filed separately under seal. (Doc. # 12). The court notes that plaintiff has not provided proof of service with respect to Stevens, and has not otherwise requested assistance in serving him. As a result, the instant motions relate only to Williams' liability.

**I.    Legal Standard**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a

1  showing sufficient to establish an element essential to that party's case on which that party will bear the
2  burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its
3  initial burden, summary judgment must be denied and the court need not consider the nonmoving party's
4  evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

5        If the moving party satisfies its initial burden, the burden then shifts to the opposing party to
6  establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio*
7  *Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need
8  not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
9  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."
10 *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

11       In other words, the nonmoving party cannot avoid summary judgment by relying solely on
12 conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th
13 Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and
14 set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*
15 *Corp.*, 477 U.S. at 324.

16       At summary judgment, a court's function is not to weigh the evidence and determine the truth,
17 but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.
18 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are
19 to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable
20 or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

21 **III.  Discussion**

22       As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore
23 held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se*
24 is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less
25 stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations
26 omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than

3

parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

Plaintiff's section 1983 claim alleges Williams knew or should have known of the propensity of his correctional officers to commit violence by virtue of his position as the warden. It is well-established that officials may not be held liable under section 1983 on the theory of *respondeat superior*. *Taylor*, 880 F.2d 1040. Because Williams may not be held liable by virtue of his supervisory status, plaintiff is required to present evidence that Williams, through his own actions, violated plaintiff's constitutional rights. He has not done so.

Instead, plaintiff has merely alleged that "[g]enerally the warden Brian Williams was made aware of [] Stevens' use of excessive force and other misconduct by [] Stevens prior to [the incident]." (Compl., doc. # 5, p. 5). This bare allegation is insufficient to hold Williams liable. *See Taylor* at 1045 ("[N]onmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data."). Williams' motion for summary judgment is granted.

Finally, the court notes that the complaint was filed on May 14, 2014. To date, plaintiff has not provided proof of service as to defendant Stevens. Plaintiff is hereby ordered to provide said proof no later than May 25, 2014. Failure to do so may result in dismissal of the action pursuant to Fed. R. Civ. P. 4(m).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Williams' motion for summary judgment (doc. # 37) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Pradd's motion for summary judgment (doc. # 35) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Williams' motion to dismiss (doc. # 22) and motion for summary judgment (doc. # 23) be, and the same hereby are, DENIED as moot.

DATED April 25, 2014.

_____
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26